IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONNIE PARNELL, N56008, | ) ) ) 17-717-DRH |
| Plaintiff, | ) ) Case No. 16-cv-1144-NJR |
| vs. | ) ) |
| J. LASHBROOK, J. BALDWIN, and WEXFORD HEALTH SOURCES, | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Ronnie Parnell, an inmate in Pinckneyville Correctional Center ("Pinckneyville"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff contends Pinckneyville staff exhibited deliberate indifference to his ongoing hip issues, in violation of his constitutional rights. In connection with these claims, Plaintiff sues J. Lashbrook (Pinckneyville Warden), J. Baldwin (IDOC Director), and Wexford Health Sources (Corporate Healthcare Provider). Plaintiff seeks monetary damages and injunctive relief.

The relief section of Plaintiff's Complaint includes a request for a preliminary injunction. (Doc. 1, p. 10). The Court denied this request, without prejudice, on October 18, 2016. (Doc. 5). As stated in the order denying Plaintiff's request for a preliminary injunction, Plaintiff may file a proper motion seeking injunctive relief at a later date if the need arises. *Id.*

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

>  (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>  (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>  (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>  (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

In 2011, while incarcerated at Lawrenceville Correctional Center ("Lawrenceville"), Plaintiff injured his hip during a game of handball. (Doc. 1, p. 3). Initially, he was misdiagnosed with an arthritic hip injury. As a result, Plaintiff was confined to a wheelchair and in severe pain for over a year. *Id.* It was later determined that Plaintiff was suffering from a festering infection causing hip deterioration. *Id.* On January 3, 2013, Plaintiff underwent hip replacement surgery. (Doc. 1, p. 4). After completing surgery, Plaintiff received a medical permit. *Id.* The medical permit did not have an expiration date (the expiration date was listed as "indefinite") and

included authorization to utilize a cane. (Doc. 1, pp. 4-5). Plaintiff considered filing a lawsuit regarding his hip injury and initial misdiagnosis. (Doc. 1, p. 4). However, staff at Lawrenceville indicated he would lose good time credit if he pursued a claim. *Id.* As a result, he never filed a claim and, according to Plaintiff, the statute of limitations has expired. *Id.*

In 2015, Plaintiff was transferred to Pinckneyville. *Id.* Upon arrival, Plaintiff met with a Pinckneyville physician. *Id.* That physician allowed Plaintiff to keep his cane and indicated he would update Plaintiff's medical permit to reflect his transfer to Pinckneyville. *Id.* On April 12, 2016, Pinckneyville staff observed Plaintiff walking without the aid of his cane and throwing a basketball. (Doc. 1, pp. 5-6). At that time, Officer Smith (Badge # 10491) approached Plaintiff and confiscated his cane for security reasons. (Doc. 1, p. 6). Nurse Peek conferred with Officer Smith and concluded that Plaintiff no longer needed the cane. *Id.* Plaintiff objected and tried to explain that he was merely exercising his hip in accord with doctors' orders. (Doc. 1, pp. 5-6).

Plaintiff filed a grievance on April 12, 2016. Two counselors (Landis and D. Flatt) responded, indicating that Plaintiff's medical permit for a cane expired in 2013. (Doc. 1, p. 6). Plaintiff then filed a request with the Wexford medical records office seeking a copy of his medical permit. (Doc. 1, p. 7). The request went unanswered. *Id.* Plaintiff contends ignoring requests for medical records is an ongoing problem with Wexford's medical records office. *Id.*

On April 25, 2016, Plaintiff's artificial hip gave out, and he slipped in the shower. *Id.* Plaintiff notified medical staff about his fall and the pain he was experiencing. *Id.* Despite the fact that Plaintiff could barely walk, he was denied emergency treatment and instructed to submit a request for sick call. *Id.* On April 27, 2016, Plaintiff spoke with Landis, a counselor, regarding his injury and severe pain. *Id.* Landis indicated he would look into the situation and provided Plaintiff with a grievance form. *Id.*

On April 28, 2016, Plaintiff was seen during nurse sick call. (Doc. 1, p. 8). Kim Richerson, a nurse, examined him. *Id.* Plaintiff indicated he was in severe pain and that when he fell he heard a loud popping noise. *Id.* Richerson prescribed Tylenol and indicated she would refer Plaintiff to the physician. *Id.*

Several days later (in approximately May 2016), Plaintiff was seen by M. Scott, a physician. (Doc. 1, p. 8). Scott ordered x-rays, wrote a prescription for pain medication and muscle relaxers, and ordered physical therapy. *Id.* As of September 2016, Plaintiff still had not received physical therapy. *Id.* Plaintiff contends "nursing staff" are ignoring Scott's physical therapy directive. *Id.*

## Preliminary Matters

**Parties at Issue**

The Court begins with a note about the parties at issue in this case. At several places in his Complaint, Plaintiff refers to the conduct of the following individuals: (1) Officer Smith (Badge #10491); (2) Nurse Peek; (3) Counselor Landis; (4) Counselor D. Flatt; (5) Nurse Kim Richerson; and (6) Physician M. Scott. These individuals are not named in the caption or defendant list. The Court suspects Plaintiff intended to bring claims against these individuals in relation to the confiscation of Plaintiff's cane, his subsequent fall in the shower, and/or the delay or denial of treatment following Plaintiff's fall in the shower. Because these individuals are not listed in the caption by name or by Doe designation, however, they will not be treated as defendants in this case, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir.2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"); *Id.* at 553 ("[It is] unacceptable for a

court to add litigants on its own motion. Selecting defendants is a task for the plaintiff, not the judge.").

As discussed more fully below, Plaintiff's Complaint shall be dismissed without prejudice and with leave to amend. If Plaintiff desires to sue any of these individuals, he must identify them as defendants in the caption of his amended complaint, and the body of the amended complaint must identify the specific actions taken by each individual.

**Claims at Issue**

The Complaint discusses potential constitutional violations that occurred while Plaintiff was at Lawrenceville. Specifically, Plaintiff claims that officials at Lawrenceville misdiagnosed his hip injury in 2011, exacerbating the injury and delaying treatment. Plaintiff also claims staff at Lawrenceville prevented him from filing a claim in relation to the misdiagnosis. The Court does not interpret the Complaint as attempting to state claims in relation to the Lawrenceville events. Rather, Plaintiff appears to offer this information as background for the deliberate indifference claims premised on events occurring at Pinckneyville. To the extent that Plaintiff intended to bring claims relating to the Lawrenceville events, such claims are unrelated to the instant action and, therefore, must be brought in a separate suit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that separate, unrelated claims belong in different suits).[1]

## Discussion

Turning to the substantive allegations in Plaintiff's Complaint, the Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the Complaint but not addressed in this Order

---

[1] The Court makes no comment on the merits of any such claims and on whether they are time-barred as indicated in Plaintiff's Complaint.

should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

> **Count 1 –** Wexford, Lashbrook, and Baldwin exhibited deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment by failing to address the confiscation of Plaintiff's cane and/or failing to address Plaintiff's medical needs after falling in the shower on April 25, 2016.
>
> **Count 2 –** Wexford exhibited deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment, by failing to update Plaintiff's medical permit.

As discussed in more detail below, both counts are subject to dismissal without prejudice for failure to state a claim.

**Applicable Legal Standards**

Deliberate indifference "to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' ... proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, a prisoner must show that: (1) he suffered from an objectively serious medical need; and (2) state officials acted with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). As to the subjective component, deliberate indifference is established when prison officials "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834).

To be liable under Section 1983, "an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (citations omitted). A supervisor may be liable for deliberate, reckless

6

indifference for the misconduct of subordinates if it can be shown that the supervisor knew about the conduct and facilitated it, approved it, condoned it, or turned a blind eye to it for fear of what they might see. *See id*. (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). A corporate entity will incur liability in a civil rights action only where it established a policy that directly caused the constitutional violation. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004).

**Count 1**

The Complaint alleges Wexford (a private corporation contracted to run the prison's healthcare unit) is liable because various staff members violated Plaintiff's constitutional rights. Thus, Plaintiff seeks to hold Wexford liable in its supervisory capacity over staff members. *Respondeat superior* liability does not apply to private corporations under Section 1983. *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982). Accordingly, this allegation fails to state a claim as to Wexford.

Plaintiff also contends that Wexford failed to provide Plaintiff with a copy of his medical records, including a copy of his medical permit. Plaintiff contends failure to provide copies of medical records is an "ongoing problem" in the medical records department. Although this allegation implicates a policy or practice at Wexford, it does not implicate a policy or practice that directly caused the constitutional violations at issue in Plaintiff's Complaint. As such, this allegation fails to state a claim as to Wexford. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004).

Finally, Plaintiff alleges that Lashbrook, Baldwin, and Wexford are liable because Plaintiff notified them about staff misconduct and/or deliberate indifference exhibited by staff. However, Plaintiff does not provide any details with regard to the information he relayed to

Lashbrook, Baldwin, or Wexford. *See Perez v. Fenoglio*, 792 F.3d 768, 781-782 (7th Cir. 2015) (grievance defendants may be liable for deliberate indifference to a serious medical need where a detailed grievance puts officials on notice of deprivation and no action is taken to address matter).[2] Additionally, Plaintiff does not allege that these defendants were personally involved with the alleged constitutional violations. *See Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (no liability absent personal involvement). Without stating more, these allegations do not state a claim as to Lashbrook, Baldwin, or Wexford.

Therefore, **Count 1** shall be **DISMISSED** without prejudice as to all defendants.

**Count 2**

Plaintiff alleges that Wexford is liable for failing to ensure that his medical permit was renewed and/or properly updated. As with Count 1, however, Plaintiff has failed to establish a basis for liability as to Wexford. First, Plaintiff has not alleged a Wexford policy or practice that could have caused the violation. Second, Wexford cannot be held vicariously liable for the conduct of its employees. Thus, to the extent Plaintiff seeks to hold Wexford liable because a Wexford physician failed to update Plaintiff's medical permit,[3] Plaintiff has failed to state a claim as to Wexford.

Therefore, **Count 2** shall be **DISMISSED** without prejudice.

### **Pending Motions**

Plaintiff has filed a Motion for Service of Process at Government Expense. (Doc. 3). The motion is **DENIED** as unnecessary. Plaintiff is a *pro se* litigant who has been granted leave to

---

[2] Two grievance responses are attached to the Complaint. (Doc. 1, pp. 38-40). These grievances were reviewed by E. Landis and D. Flatt. *Id.* The responses indicate that the grievance was reviewed, Plaintiff was receiving medical treatment for his ongoing hip issues, and that medical staff reported Plaintiff's medical permit was expired. *Id.*
[3] Plaintiff alleges that upon arriving at Pinckneyville, he was examined by a physician. (Doc. 1, p. 5). This physician indicated he would update Plaintiff's medical permit. *Id.*

proceed *in forma pauperis*. (Doc. 6). Accordingly, the Court will order service, as a matter of course, on any defendant against whom Plaintiff states a viable claim in his First Amended Complaint.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS 1** and **2** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted as to all defendants.

Plaintiff is **GRANTE**D leave to file a "First Amended Complaint" on or before **March 14, 2017**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamming*a, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for this action (*i.e*. 16-cv-1144-NJR). The amended complaint shall split each of Plaintiff's claims into separate counts, labeled Count 1, Count 2, and so on. For each count, Plaintiff should state, in chronological order, what happened to him that constituted a deprivation of his constitutional rights, and who was personally involved. Plaintiff should keep his allegations clear and concise. **Further, each defendant shall be named individually in the caption of the First Amended Complaint. Individuals not identified in the caption of the First Amended Complaint will not be treated as defendants. Further, a group of individuals is not a suitable defendant (*i.e*. "Nurses" or "Staff" are not suitable defendants).**

To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 14, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**