IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RONNIE PARNELL,
#N56008,

**Plaintiff,**

v.                                             Case No. 3:17-cv-00717-DRH

DR. SCOTT, SGT. CHAPMAN,
LT. PIERCE, COUNSELOR LANDIS,
NURSE PEEK, C/O SMITH,
OFFICER DUDEK, LOVE,
JANE DOE 1, JANE DOE 2,
JANE DOE 3, and JANE DOE 4,

**Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Ronnie Parnell filed a civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights by officials at Pinckneyville and Lawrence Correctional Centers. *See Parnell v. Doe,* No. 16-cv-1144-NJR (S.D. Ill.) ("original action"). The original Complaint did not survive screening, and Plaintiff was granted leave to amend. (Doc. 8). The First Amended Complaint included unrelated claims against different groups of defendants. (Doc. 11, original action). Pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Court severed the claims that arose at Pinckneyville into the instant action. (Doc. 11, original action).

The instant action addresses seven claims ("Counts 5 through 11") against Pinckneyville officials. (Doc. 1, pp. 18-19). Plaintiff alleges that various prison

officials responded to his serious hip injury and related needs with deliberate indifference and then retaliated against him when he attempted to complain about his mistreatment. (Doc. 2). In connection with these claims, Plaintiff seeks monetary damages and injunctive relief.[1] (Doc. 4, p. 13).

Counts 5 through 11 are now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross

---

[1] In the Memorandum and Severance Order dated July 7, 2017, the Court construed this request for injunctive relief as "a request for injunctive relief at the close of the case and as being related to the claims that arose at Pinckneyville." (Doc. 1, p. 6). If Plaintiff seeks more immediate relief, he may file a separate motion for a temporary restraining order or a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a)-(b).

"the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **First Amended Complaint**

While he was incarcerated at Lawrence, Plaintiff allegedly suffered from an infection in his hip that resulted in bone loss and necessitated hip replacement surgery. (Doc. 4, pp. 6-8). Following surgery in January 2013, Plaintiff was prescribed a cane and physical therapy. (Doc. 4, p. 8). He attended a single physical therapy session on or around March 2, 2013. *Id*.

Plaintiff transferred to Pinckneyville sometime in 2015. (Doc. 4, p. 8). Sergeant Chapman placed him in a segregation unit with a healthy inmate. *Id*. Plaintiff maintains that he was exposed to "an ongoing unnecessary risk to future serious physical and mental harm" because of this placement arrangement. *Id*.

From February until April of 2015, Sergeant Chapman, Lieutenant Pierce, Doctor Scott, and Jane Doe ##1-3 allegedly interfered with "widely circulated medical orders and recommendations" for treating inmates with physical injuries or disabilities by denying Plaintiff access to physical therapy, patient education, and proper exercise. (Doc. 4, p. 9).

In April or May of 2015, Plaintiff asked Counselor Landis for information about preparing and filing a grievance and lawsuit against prison officials. (Doc. 4, p. 9). Counselor Landis discouraged Plaintiff from pursuing either form of relief. *Id*. The counselor warned Plaintiff that he would continue to be treated like a "trouble maker living a disadvantaged life" without commissary, law library,

therapy, or disabled recreation gym, if he complained about staff. *Id.* All of Plaintiff's subsequent requests for grievances and law library access were ignored or denied. *Id.* With a single exception, Plaintiff's requests for physical therapy were also ignored. *Id.*

On April 12, 2016, Officer Smith, Nurse Peek, and Jane Doe #4 allegedly interfered with his prescribed course of treatment when they confiscated Plaintiff's cane and prevented him from following his doctor's orders to exercise. (Doc. 4, p. 10). Two weeks later, Plaintiff slipped, fell, and injured his finger while showering, and he attributes the injury to the denial of his cane. *Id.*

In October 2016, Plaintiff was reassigned to a new housing unit. (Doc. 4, p. 10). His cell was located on the second floor at the end of a long gallery. *Id.* Plaintiff told Officer Dudek about his hip replacement and complained of ongoing pain. (Doc. 4, pp. 10, 16-17). However, the officer ignored his complaints and ordered Plaintiff to carry his own mattress, property box, and fan up the stairs. *Id.* He also assigned Plaintiff to a top bunk. *Id.* Plaintiff was not reassigned to a new cell for two or three days. *Id.*

## Discussion

This case focuses on the following seven claims that arose during Plaintiff's incarceration at Pinckneyville:

**Count 5 -** Eighth Amendment deliberate indifference claim against Scott, Jane Doe 1, Jane Doe 2, Jane Doe 3, Chapman, and Pierce for denying Plaintiff access to a physical therapist and patient education, contrary to existing medical orders, between February 2015 and April 2015.

**Count 6 -** Eighth Amendment deliberate indifference claim against Scott,

> Jane Doe 1, Jane Doe 2, Jane Doe 3, Chapman, and Pierce for exposing Plaintiff to an ongoing risk of future physical and mental harm from Plaintiff's healthy cellmate between February 2015 and April 2015.

**Count 7 -** First Amendment retaliation claim against Landis.

**Count 8 -** First and/or Fourteenth Amendment access to courts claim against Landis.

**Count 9 -** Eighth Amendment deliberate indifference claim against Smith, Peek, and Jane Doe 4 for confiscating Plaintiff's cane on April 12, 2016.

**Count 10 -** Eighth Amendment deliberate indifference claim against Dudek for his conduct in October 2016 when he transferred Plaintiff to a new cell.

**Count 11 -** Eighth Amendment cruel and unusual punishment claim against Dudek for his conduct in October 2016 when he transferred Plaintiff to a new cell assignment.

(*See* Doc. 1, p. 7). The parties and the Court will continue to use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claims that are not identified above are considered dismissed without prejudice from this action.**

The First Amended Complaint suffers from two significant problems, as it pertains to the Pinckneyville claims. First, it appears that further severance of the Pinckneyville claims is necessary. Second, Plaintiff sets forth insufficient allegations in support of his claims to satisfy basic pleadings standards or state any claim against the defendants. Both issues must be addressed before this matter can proceed.

1. **Improper Joinder**

The claims in the First Amended Complaint were previously severed into two separate cases. (Doc. 11, original action; Doc. 1, instant action). The original action addresses the claims that arose during Plaintiff's incarceration at Lawrence. *See Parnell v. Doe,* No. 16-cv-1144-NJR (S.D. Ill.). This case addresses the claims that arose during his incarceration at Pinckneyville. (Doc. 1, instant action).

It appears that the Pinckneyville claims may be subject to further severance. Plaintiff names unique groups of defendants in connection with the severed claims. Defendants Scott, Chapman, Pierce, and Doe ##1-3 are named in connection with Counts 5 and 6; Defendant Landis is named in connection with Counts 7 and 8; Defendants Smith, Peek, and Doe #4 are named in connection with Count 9; and Defendant Dudek is named in connection with Counts 10 and 11. Plaintiff brings his claims under the First, Eighth, and Fourteenth Amendments, based on distinct events that occurred at different times and lack any apparent connection to one another.

The Seventh Circuit Court of Appeals has made it clear that a "litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits, "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d at 607 (citing 28 U.S.C.

§ 1915(b)(g)); *Wheeler v. Talbot*, -- F. App'x --, 2017 WL 2417889 at *1 (7th Cir. June 5, 2017) (failing to sever improperly joined claims prejudices the United States Treasury); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) (district court should have severed unrelated claims against different defendants). In addition, a prisoner who files a "buckshot complaint" that includes multiple unrelated claims against different individuals should not be allowed to avoid "risking multiple strikes for what should have been several different lawsuits." *Turley v. Gaetz*, 625 F.3d 1005, 1011 (7th Cir. 2010).

Under Rule 21 of the Federal Rules of Civil Procedure, the Court has broad discretion when deciding how to address improper joinder. *See* FED. R. CIV. P. 21; *Owens v. Hinsely*, 635 F.3d 950, 952 (7th Cir. 2011); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000). The Court may sever improperly joined claims, dismiss improperly joined defendants, or authorize Plaintiff to amend his complaint and omit improperly joined claims or defendants. *See Taylor v. Brown*, 787 F.3d 851 (7th Cir. 2015) (amending the complaint is a proper method for "adding or dropping parties and claims" when claims are misjoined). When considering the proper course of action in the instant case, the Court must also consider the second major problem presented.

2.  **Violation of Basic Pleading Requirements**

The First Amended Complaint clearly violates Rule 8 of the Federal Rules of Civil Procedure and the pleading standards discussed in *Twombly* and *Iqbal*. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8 requires a complaint to set forth "a short and plain statement

of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The allegations should be "simple, concise, and direct." FED. R. CIV. P. 8(d)(1).

It is possible to fall short of this standard by setting forth vague or sketchy allegations in support of a claim. The First Amended Complaint suffers from this pleading defect. Plaintiff has not included "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Time and again, he relies on a single conclusory statement to support his claims against the defendants. Threadbare and conclusory allegations run afoul of Rule 8(a)(2). They also fail to satisfy the "plausibility" standard described in *Twombly* and *Iqbal*, which requires "the plaintiff [to] plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678.

To state a claim for monetary relief under § 1983, Plaintiff must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation."). The standard civil rights complaint form offered to *pro se* litigants in this District instructs plaintiff to do the following: "State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated." Plaintiff did not include this basic information in his First Amended Complaint.

### A. Eighth Amendment Claims

Most claims in this severed case, including Counts 5, 6, 9, 10, and 11, arise

under the Eighth Amendment, which prohibits the unnecessary and wanton infliction of pain and punishment against prisoners. U.S. CONST., amend. VIII. All Eighth Amendment claims have an objective and a subjective component. *Wilson v. Seiter*, 501 U.S. 294, 302 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994). For claims based on the denial of medical care, such as Counts 5, 9, and 10, a plaintiff is required to establish that he suffered from a sufficiently serious medical need. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) (citations omitted). Failure-to-protect claims, such as Count 6, require a plaintiff to demonstrate that he faced an objectively serious risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Claims of unconstitutional conditions of confinement, such as Count 11, require the plaintiff to demonstrate that the condition resulted in the unquestioned and serious deprivation of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347; *Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989). In other words, the deprivation must be "extreme" and not just temporary and uncomfortable. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). The subjective component of these claims is satisfied where the defendant responded with deliberate indifference by disregarding an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837, 842 (1994).

Plaintiff offers insufficient allegations to support either component of these claims. The allegations do not support a finding that Plaintiff suffered from an objectively serious medical need or threat to his safety or health at Pinckneyville.

He underwent hip replacement surgery two years before he transferred to Pinckneyville. Although he was issued a cane and prescribed a course of physical therapy following surgery, it is unclear whether he still needed either when he arrived at Pinckneyville two years later. Plaintiff does not specifically describe medical orders that were in effect at that time, other than in vague terms, or indicate that he requested or was denied care by a medical provider or staff member during his incarceration at Pinckneyville. Further, Plaintiff's complaints regarding his cell assignment and cellmate are too vague to support any finding that he actually suffered harm or faced an objectively serious risk of harm.

The allegations lack sufficient detail to satisfy the subjective component of these claims as well. It is unclear who, when, and how often Plaintiff asked any of the defendants to assist him in obtaining medical care, better living conditions, or protection. Given the allegations, the Court cannot determine whether the defendants were actually aware that Plaintiff still needed special care or accommodations for his hip injury. The exhibits offer few additional details regarding Plaintiff's communications with each defendant. The First Amended Complaint does not state a plausible deliberate indifference claim against any defendants. Accordingly, Counts 5, 6, 9, 10, and 11 do not survive preliminary review.

### B.     First and/or Fourteenth Amendment Claims

Plaintiff's remaining claims against Defendant Dudek for retaliation (Count 7) and denial of access to the courts (Count 8) suffer from the same lack of information. Prison officials may not retaliate against inmates for filing

grievances or otherwise complaining about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Likewise, they may not interfere with a prisoner's fundamental right to access the courts. *Bounds v. Smith*, 430 U.S. 817 (1977).

With respect to both claims, Plaintiff does not allege that Dudek was personally involved in denying him grievance forms, law library access, or physical therapy, either before or after this defendant threatened to treat Plaintiff like a "trouble maker" for seeking information regarding the same. The First Amended Complaint fails to set forth a chronology of events from which a retaliation claim can plausibly be inferred against Dudek. *See Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) ("A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'"). Further, he identifies no legal claim that was lost or impeded because of Dudek's alleged interference with his right to access the courts. *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996) (inmate has no constitutional claim unless he can demonstrate that a non-frivolous legal claim was frustrated or impeded). Absent allegations suggesting that Dudek took action to retaliate against Plaintiff or impeded his ability to pursue a non-frivolous claim, the allegations fall short of stating a claim under the First or Fourteenth

Amendment against this defendant. Accordingly, Counts 7 and 8 do not survive preliminary review.

Under the circumstances presented, the Court deems it appropriate to dismiss Counts 5 through 11 at this time for failure to comply with Rule 8 and for failure to state a claim upon which relief may be granted. However, Plaintiff shall be granted leave to file another amended complaint, consistent with the deadline and instructions for doing so below.

## Second Amended Complaint

If he chooses to proceed with his claims in this action, Plaintiff must file a Second Amended Complaint on or before November 15, 2017. However, he should only bring *related* claims against the same defendant(s). This requires Plaintiff to choose which claims he will pursue in this action and omit all reference to unrelated claims against other defendants. *See Taylor v. Brown*, 787 F.3d 851 (7th Cir. 2015).

By omitting reference to improperly joined claims in his Second Amended Complaint, Plaintiff does not lose the right to pursue those claims. He may pursue them by filing a separate suit. *See Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (holding that, in the case of misjoinder, courts can require a prisoner to "file separate complaints, each confined to one group of injuries and defendants"). If he chooses to go this route, Plaintiff will be required to pay a filing fee for each new lawsuit he brings. He should keep in mind that the "statute of limitations for § 1983 actions in Illinois is two years." *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). Further, the Court retains authority

to sever the unrelated claims into separate actions and impose a filing fee for each case. *See* FED. R. CIV. P. 21.

If Plaintiff instead chooses to bring all of his Pinckneyville claims again in the Second Amended Complaint, this Court will sever unrelated claims against different defendants into separate actions if it determines that they are improperly joined in a single action. Plaintiff will have no say in the matter. The Court will open a new case for each set of unrelated claims and assess a filing fee in each case. The newly severed cases will also be subject to preliminary review under 28 U.S.C. § 1915A and potentially a strike under § 1915(g).

## Disposition

**IT IS HEREBY ORDERED** that the First Amended Complaint (Doc. 4), including **COUNTS 5, 6, 7, 8, 9, 10,** and **11**, are **DISMISSED** without prejudice for non-compliance with Rule 8 of the Federal Rules of Civil Procedure and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file his Second Amended Complaint **on or before November 15, 2017.** Should Plaintiff fail to file an amended complaint within the allotted time, dismissal will become with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, a "strike" may be assessed. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such

actions.  The Second Amended Complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant.  Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors.  Plaintiff should refrain from filing unnecessary exhibits.  **Plaintiff should *include only related claims* against common defendants in his new complaint.  Claims found to be unrelated against different defendants will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.**  To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that **this dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g)**.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, **the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint**.  The Second Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 18th day of October, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.10.18 15:34:12 -05'00'

**UNITED STATES DISTRICT JUDGE**