IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RONNIE PARNELL,
#N56008,

**Plaintiff,**

v.  No. 3:17-cv-00717-DRH

DR. SCOTT, SGT. CHAPMAN,
LT. PIERCE, COUNSELOR LANDIS,
NURSE PEEK, C/O SMITH,
OFFICER DUDEK, LOVE,
JANE DOE 1, JANE DOE 2,
JANE DOE 3, and JANE DOE 4,

**Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Ronnie Parnell filed a civil rights action pursuant to 42 U.S.C. § 1983 against officials at Pinckneyville and Lawrence Correctional Centers for alleged deprivations of his constitutional rights. *See Parnell v. Doe,* No. 16-cv-1144-NJR (S.D. Ill.) ("original action"). The original Complaint did not survive screening, and Plaintiff was granted leave to amend. (Doc. 8). The First Amended Complaint included unrelated claims against different groups of defendants. (Doc. 11, original action). The Court severed the claims that arose at Pinckneyville into the instant action. (Doc. 11, original action; Doc. 1, instant action).

Counts 5 through 11, the only claims at issue in this severed case, did not survive preliminary review under 28 U.S.C. § 1915A. (Doc. 8, instant action).

Pursuant to an Order dated October 19, 2017, this Court dismissed the First Amended Complaint without prejudice for non-compliance with Rule 8 of the Federal Rules of Civil Procedure and for failure to state a claim for relief. *Id*. However, the dismissal was without prejudice, and Plaintiff was again granted leave to file a Second Amended Complaint no later than November 15, 2017. (Doc. 8, p. 13). He was warned that the action would be dismissed with prejudice, if he failed to file the amended complaint by that deadline. *Id*. (citing FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994)). Plaintiff was also warned that he would receive a "strike" pursuant to 28 U.S.C. § 1915(g). (Doc. 8, p. 13).

In addition, Plaintiff was repeatedly advised of his continuing obligation to update his address with the Court, and he was warned that failure to do so constituted independent grounds for dismissal of this suit:

> Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. **Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.** *See* FED. R. CIV. P. 41(b).

(Doc. 1, p. 22; Doc. 3, p. 10; Doc. 8, p. 15) (emphasis added).

Despite these many warnings, Plaintiff missed the deadline for filing the Second Amended Complaint. He has not requested an extension. In addition, he failed to update his address with the Court. On November 2, 2017, Document 8 was returned to the Court because it was "not deliverable." (Doc. 9). The

envelope indicated that Plaintiff is now paroled. *Id.* Plaintiff has not provided the Court with his new address, and more than two weeks have passed since the Order at Document 8 was returned.

The Court will not allow this matter to linger indefinitely. This action shall be dismissed with prejudice based on Plaintiff's failure to comply with numerous Orders of this Court (Doc. 1, p. 22; Doc. 3, p. 10; Doc. 8, pp. 13, 15) and failure to prosecute his claims. *See* FED. R. CIV. P. 41(b). The dismissal will count as one of Plaintiff's three allotted "strikes" within the meaning of § 1915(g).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with this Court's Orders to update his address (Docs. 1, 3, 8) and the Order to file a Second Amended Complaint on or before November 15, 2017. (Doc. 8). *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The dismissal counts as one of his three allotted "strikes" within the meaning of § 1915(g).

**IT IS ALSO ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If

Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**
Signed this 21st day of November, 2017.

Digitally signed by
Judge David R. Herndon
Date: 2017.11.21
12:34:15 -06'00'

**UNITED STATES DISTRICT JUDGE**